**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALLAN EAFORD, a/k/a E-SHAUN JONES       : <br>      : <br>      : <br> Petitioner,     : <br>      : <br> v.      : <br>      : <br> ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,   : <br>      : <br> Respondent.     : <br>      : | Civil No. 18-15161 (BRM) <br><br> **MEMORANDUM AND ORDER** |

        **THIS MATTER** is before the Court on Petitioner Allan Eaford's ("Petitioner") Petition

for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner currently

incarcerated at the New Jersey State Prison in Trenton, New Jersey. Petitioner names the Attorney

General of the State of California as the respondent in his petition. However, the proper respondent

in this action is the administrator of the facility where the prisoner is being held. *See Rumsfeld v.*

*Padilla*, 542 U.S. 426, 435 (2004). Therefore, the Clerk will be ordered to dismiss the Attorney

General of the State of California as a respondent in this action and insert Bruce Davis as the

respondent because he is the current administrator of New Jersey State Prison.

        The petition did not include an application to proceed *in forma pauperis* nor did it include

a prepaid $5.00 filing fee. Thus, this case will be administratively closed. Petitioner shall be given

an opportunity to reopen this action should he so choose. Accordingly, and for good cause

appearing,

        **IT IS** this 20th day of December 2018,

        **ORDERED** that the Clerk shall dismiss the Attorney General of the State of California as

a respondent in this action and insert, Bruce Davis, as the respondent; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this case; petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); and it is further

**ORDERED** that if petitioner wishes to reopen this case, he shall so notify the Court, in writing within thirty (30) days of the date of entry of this memorandum and order; petitioner's writing shall include either the $5.00 filing fee or a complete application to proceed *in forma pauperis*; and it is further

**ORDERED** that upon receipt of a writing from petitioner stating that he wishes to reopen this case and either the $5.00 filing fee or a complete application to proceed *in forma pauperis*, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk shall serve upon petitioner by regular U.S. mail: (1) a copy of this memorandum and order; and (2) a blank form application to proceed *in forma pauperis* by a prisoner in a habeas corpus case.

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**